**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SYED MOHAMMAD RASHID LIAQUAT,**

      **Plaintiff,**

v.                                      Case No:   6:18-cv-2116-Orl-37LRH

**ATTORNEY GENERAL OF THE UNITED STATES, SECRETARY, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, DISTRICT DIRECTOR, SOUTHEAST REGION, U.S. CITIZENSHIP AND IMMIGRATION SERVICES and DIRECTOR, ORLANDO FIELD OFFICE, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **DEFENDANTS' MOTION TO DISMISS AND DESIGNATE CASE TRACK IN TRACK TWO (Doc. 17)**
>
> **FILED:**  **September 13, 2019**
>
> ___
>
> **THEREON** it is respectfully **RECOMMENDED** that the motion be **GRANTED**.

**I.     Background**

This case stems from the United States Citizenship and Immigration Services' (USCIS) denial of Plaintiff Syed Mohammad Rashid Liaquat's application for United States citizenship.

The Plaintiff alleges that he is a lawful permanent resident, and in September 2015 he filed an application for naturalization with USCIS. (Doc. 1 at ¶¶ 3, 13). USCIS denied the application on January 27, 2018, apparently due to the fact that approximately five years prior, the Plaintiff was charged in state court with dealing in stolen property – a charge that was ultimately resolved through a *nolle prosequi*. (*Id*. at ¶¶ 11-12, 15 (citing 8 C.F.R. § 316.10(b)(2)(iv)[1]). The Plaintiff appealed the denial, which USCIS denied on July 3, 2018, because "[e]ven though a 'Nolle Prosequi' was entered, it is still possible for the state to change its mind and file charges afterwards if they obtain more evidence that makes it possible to file charges as long as they are within the statute of limitations. You were never formally acquitted of this charge." (*Id*. at ¶¶ 16-17, Ex. E).

The Plaintiff subsequently filed this action on December 10, 2018 against the Defendants seeking review of USCIS's denial of his application for naturalization under the Immigration and Nationality Act (INA), 8 U.S.C. § 1421(c), and the Administrative Procedures Act (APA), 5 U.S.C. § 706(2)(A). (Doc. 1 (Complaint)). Specifically, the Plaintiff seeks *de novo* review and a hearing on his application for naturalization under the INA (Count I); and, alternatively, an order from the Court vacating USCIS's decision as arbitrary and capricious under the APA (Count II). (*Id*. at 6-8).

---

[1] 8 C.F.R. § 316.10(b)(2)(iv) provides that a finding of a lack of good moral character may be made where the applicant "[a]dmits committing any criminal act covered by paragraphs (b)(2)(i), (ii), or (iii) of this section for which there was never a formal charge, indictment, arrest, or conviction, whether committed in the United States or any other country[.]" *Id*.

On December 19, 2018, the Court entered a notice designating this matter as a Track One case under Local Rule 3.05. (Doc. 4). The Defendants filed their answer to both counts of the Complaint on March 13, 2019. (Doc. 14).

Six months later, the Defendants filed the present motion to dismiss Count Two of the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 17 (Motion)).[2] In the same Motion, the Defendants request that if Count Two is dismissed that the case be re-designated as a Track Two case under Local Rule 3.05. (*Id.*). The Plaintiff has not responded to the Motion, and the time to do so has passed. Therefore, the Motion is unopposed. The Motion has been referred to the undersigned and is ripe for review.

## II.   Standard of Review

A motion to dismiss for lack of subject matter jurisdiction brought pursuant to Federal Rule of Civil Procedure 12(b)(1) may attack jurisdiction facially or factually, *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir.1999), and may be brought "any time while the action is pending," *Scelta v. Delicatessen Support Services, Inc.*, 57 F.Supp.2d 1327, 1343 (M.D. Fla. 1999). A facial attack on the complaint requires the court to accept the allegations in the complaint as true and determine whether those allegations sufficiently alleged a basis for subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). Conversely, a factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings. *Id.* Here, the Defendants only assert a facial challenge to the Plaintiff's APA claim. (Doc. 17).

---

[2] The Defendants also appear to be moving to dismiss the APA claim pursuant to Federal Rule of Civil Procedure 12(c), which provides for judgment on the pleadings. For the reasons stated in this Report, the Defendants request to dismiss under Rule 12(b)(1) is dispositive. Therefore, it is unnecessary to address the Defendants' argument under Rule 12(c).

### III. Discussion

The Defendants contend that because the Plaintiff has an adequate remedy under the INA - a *de novo* hearing on his application for naturalization – the Plaintiff cannot also assert a claim under the APA. (Doc. 17 at 3)). Therefore, the Defendants contend that the Court lacks subject matter jurisdiction over Count Two of the Complaint. (*Id*.).

The Eleventh Circuit Court of Appeals addressed this very issue in *Heslop v. Attorney General of U.S.*, 594 F. App'x 580 (11th Cir. 2014). In that case, the plaintiff, Heslop, applied for naturalization. *Id*. at 594 F. App'x at 582. USCIS denied his application initially and on appeal, and after exhausting his administrative remedies, Heslop filed an action in district court seeking *de novo* review of USCIS's denial under the INA and alternatively, arbitrary and capricious review under the APA. *Id*. at 582-83. The district court dismissed the APA claim for lack of subject matter jurisdiction on the basis that the INA already provided an adequate remedy. *Id*. at 583. The Eleventh Circuit affirmed on appeal, explaining:

> The APA provides for judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Here, the INA gives Heslop an adequate remedy: the ability to seek in federal district court *de novo* review of USCIS's denial of his application for naturalization after he exhausts his administrative remedies. *See* 8 U.S.C. § 1421(c). Indeed, Heslop brought his INA claim under that very provision. The APA does not authorize judicial review "that adds to the sweeping *de novo* review" that the INA provides. *Escaler v. U.S. Citizenship and Immigration Servs.,* 582 F.3d 288, 291 n. 1 (2d Cir. 2009).

*Id*. at 584.

While the *Heslop* decision is not binding on the Court, it is nevertheless highly persuasive since it addresses the very issue pending before the Court. *See* 11th Cir. R. 36-2. As in *Heslop*, the Plaintiff here is seeking review of USCIS's denial of his application for naturalization under the INA, and alternatively, under the APA. As the Eleventh Circuit explained, the APA only provides for judicial review of a final agency action for which there is no other adequate remedy at law.

*Heslop*, 594 F. App'x at 584 (citing 5 U.S.C. § 704). The Plaintiff has an adequate remedy under the INA, therefore following *Heslop*, the Plaintiff may not also seek APA review. The Plaintiff has not presented any argument or legal authority that would support allowing both claims to proceed. Accordingly, the undersigned finds that the APA claim is due to be denied for lack of subject matter jurisdiction. *Id*.

The Defendants also request, in the event that the APA claim is dismissed, that the case be re-designated from a Track One case to a Track Two case. The Defendants argue that since the Plaintiff's INA claim requires the Court to conduct a *de novo* review in which the Court will make its own findings of fact and conclusions of law, this case should be re-designated as a Track Two case. (Doc. 17 at 4).[3] If the Court accepts the undersigned's recommendation that the APA claim be dismissed, this case will no longer involve review of an administrative record, therefore Track One designation will no longer be appropriate. *See* Local Rule 3.05(b)(1)(A). Rather, all that will remain is an INA claim involving *de novo* review, which will require the Court to make its own findings of fact and conclusions of law and, at the request of the moving party, conduct a hearing on the application for citizenship. 8 U.S.C. § 1421(c). Considering the scope of the Court's review of the INA claim, the undersigned agrees with the Defendants that this case should be re-designated as a Track Two case, which includes all civil cases "not designated as Track One Cases, and not within the definition of Track Three Cases[.]" Local Rule 3.05(b)(2).

**IV. Conclusion**

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 17) be **GRANTED**.

2. Count Two of the Complaint (Doc. 1) be **DISMISSED**.

---

[3] The Plaintiff does not object to this aspect of the Defendants' Motion. (Doc. 17 at 4).

3. The case be re-designated as a Track Two case.

4. The parties be directed to file an amended Case Management Report[4] that is consistent with a Track Two case within seven days of the Court's Order on this Report.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties do not object to this Report, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on October 4, 2019.

*Leslie R. Hoffman*
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[4] The parties filed a Case Management Report that is consistent with a Track One case. (Doc. 20).